APPEAL NO. 6:15-CV-01302-ORL-GAP

_____

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

_____

RICHARD S. ANTHONY,
*Appellant,*
**v.**

OCWEN LOAN SERVICING, LLC,
*Appellee,*

U.S. BANK, NATIONAL ASSOCIATION,
As Trustee for the Certificateholders of Asset-Backed Securities Corporation
Home Equity Loan Trust, Series OOMC 2006-HE3,
Asset-Backed Pass-Through Certificates, Series OOMC 2006-HE3,
*Appellee.*

_____

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
CASE NO. 6:14-BK-09462-CCJ

_____

APPELLANT RICHARD S. ANTHONY'S
INITIAL BRIEF ON APPEAL

_____

Catherine J. Jones
(FL Bar No. 0709271)
**LegalNinja, LLC**
400 Orange St.
Titusville, FL  32796
321-544-4794
321-400-1192 (fax)
jones@mylegalninja.com
*Attorney for Appellant*
*Richard S. Anthony*

George M. Gingo
(FL Bar No. 879533)
**Gingo & Orth, P.A.**
400 Orange St.
Titusville, FL  32796
321-264-9624
866-311-9573
gingo.george@gmail.com
*Attorney for Appellant*
*Richard S. Anthony*

# I.
## CORPORATE DISCLOSURE STATEMENT

Appellant Richard S. Anthony ("Mr. Anthony") and undersigned counsel, pursuant to Fed. R. Bank. P. 8012, certifies the following is a full and complete list of all trial judge(s), attorneys, persons, associations of persons, firms, partnerships, or corporations (including those related to a party as a subsidiary, conglomerate, affiliate, or parent corporation) having either an interest in the outcome of this case, a financial interest in or other interest which could be substantially affected by the outcome of this case:

1. Richard S. Anthony—Appellant

2. Catherine J. Jones—Counsel for Appellant

3. George M. Gingo—Counsel for Appellant

4. LegalNinja, LLC—Counsel for Appellant

5. Gingo & Orth, P.A.—Counsel for Appellant

6. Ocwen Loan Servicing, LLC—Appellee

7. US Bank, National Association, as Trustee for the Certificateholders of Asset Backed Securities Corporation Home Equity Loan Trust, Series OOMC 2006-HE3, Asset Backed Pass-Through Certificates, Series OOMC 2006-HE3—Appellee

8. A. Renee Decker, Esq—Counsel for Appellee
9. Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.—Counsel for Appellee

10. United States of America, Internal Revenue Service—Secured Creditor

11.    United States of America—United States Trustee

12.    Laurie K. Weatherford—Chapter 13 Standing Trustee

13.    Honorable Cynthia C. Jackson—Bankruptcy Judge

Mr. Anthony is not a corporation or any other type of fictional legal entity. Mr. Anthony is a natural born citizen of the United States of America.  Mr. Anthony and undersigned counsel are unaware of any actual or potential conflict of interest involving the district judge and magistrate judge or bankruptcy judge assigned to this case, and will immediately notify the Court in writing on learning of any such conflict.


By:    */s/  Catherine J. Jones*
       **Catherine J. Jones, Esq.**
       Florida Bar No. 0709271
       **LEGALNIJA, LLC**
       400 Orange St.
       Titusville, FL  32796
       321-544-4794
       321-400-1192 (fax)
       jones@mylegalninja.com

       *Attorney for Appellant Richard S. Anthony*

ii

**II.**
**TABLE OF CONENTS**

I.   CORPORATE DISCLOSURE STATEMENT.............................i

III.   TABLE OF CITATIONS .......................................................v

IV.   JURISDICTIONAL STATEMENTS ........................................1

     A.   Basis for Bankruptcy Court's Subject Matter Jurisdiction.........1
     B.   Basis for District Court's Jurisdiction................................1
     C.   Timeliness of Appeal...................................................1
     D.   Finality of Appealed Order.............................................2

V.   STATEMENT OF THE ISSUES ............................................3

VI.   STATEMENT OF THE CASE................................................3
     A.  Statement of the Facts....................................................3
     B.  Procedural History.........................................................4
     C.  Rulings at Issue ...........................................................5

VII.   SUMMARY OF THE ARGUMENT......................................6

VIII.   ARGUMENT................................................................7

     A.  Mr. Anthony May Challenge the Enforceability of a Claim Secured
        by a Lien In a Contested Matter ......................................7

     B.  The Creditor's Lien is Void under the Narrow Self-Executing
        Provision of §506(d) if it Secures a Disallowed Claim...............9

     C.  The Creditor's Claim Is Unenforceable against Mr. Anthony &
        His Property and Must Be Disallowed under § 502(b)(1)...........10

        i.  The Terms "Claim" and "Lien" Are Not Synonymous Under
           the Bankruptcy Code.............................................10

        ii.  A Claim for Mortgage Debt and a Mortgage Lien are Two
           Entirely Different Concepts Under Florida Law.............12

iii. Mortgage Debt Liability and Corresponding Default Remedies are Misunderstood Creatures of Florida Law ……………13

iv. Mr. Anthony's Liability and the Creditor's Default Remedies are Limited by Florida's Legislature and Supreme Court...16

v. The Statute of Repose is a "Red Herring" and Inapplicable...18

vi. The *Singleton* Fallacy is an Abuse of Equitable Discretion with Constitutional Implications………………………………..20

IX.    CONCLUSION………………………………………………………..25

X.    CERTIFICATE OF COMPLIANCE…………………………………..26

iv

# III.
# TABLE OF CITATIONS

**CASES**                                                     **Page(s)**

*American Optical Corp. v. Spiewak*,
     73 So.3d 120 (Fla. 2011)……………….………….…………23, 24

*Arasli v. Chase Home Finance,*
     *LLC*, 121 So.3d 511 (Fla. 2013)……..…………………..…………..21

*Bank of America v. Caulkett*,
     13-1421 (U.S. June 1, 2015)……………….…………………..……3, 9, 11

*Bank of Miami v. Fidelity & Cas. Co.*,
     239 So.2d 97 (Fla. 1970)……….……………………………………8, 12

*Blackburn v. Venice Inlet Co.*,
     38 So.2d 43 (Fla. 1948)……………….……………………………..19

*Butner v. United States*,
     440 U.S. 48 (1979)……………………….……………………………11

*Capital Bank v. Needle*,
     596 So.2d 1134 (Fla. 4th DCA 1992)………………………………..22

*Carpenter v. Mohawk Indus., Inc.*,
     541 F. 3d 1048 (11th Cir. 2008)…………………………………………2

*City of Miami v. Benson*,
     63 So.2d 916 (Fla. 1953)……………….…………………….………17, 18

*Craigin v. Ocean & Lake Realty Co.*,
     133 So. 569 (Fla. 1931)……………….……………………….………22

*David v. Sun Federal Sav. & Loan Association*,
     461 So.2d 93 (Fla. 1984)……….………………………………………23

*Davis v. Horne*,
     45 So. 476 (Fla. 1907)……………..…………………………………………….20

*Dewsnup v. Timm*,
     506 U.S. 410 (1992)……………..…………………………………………………..9

*Espinoza v. Countrywide Home Loans Servicing*,
     No. 14-20756 (S.D.Fla. 8-5-2014)………..……………………………………21

*Evergrene Parnters, Inc. v. Citibank, N.A.*,
     143 So.3d 954 (Fla. 4th DCA 2014)………..…………………………………21

*Farrey v. Sanderfoot*,
     500 U.S. 291 (1991)…………………..……..…………………………………10

*Federal Ins. Co. v. Southwest Florida Retirement Ctr., Inc.*,
     707 So.2d 1119 (Fla. 1998)………..…………………………………………24

*Federal Land Bank v. Brooks*,
     190 So. 737 (Fla. 1939)…………………..………………………………18, 24

*Florida East Coast Railway Co. v. Peters*,
     73 So. 151 (Fla. 1916)………..……..…………………………………………..9

*Folendore v. SBA (In re Folendore)*,
     862 F.2d 1537 (11th Cir. 1989)…………………..……………………..8, 10

*Forgay v. Conrad*,
     47 U.S. 201 (1847)……………………..………..……………………………3

*Frumkes v. Mortgage Guarantee Corp.*,
     173 So.2d 738 (Fla. 3d DCA 1965)………..…………………………….22

*Guaranty Title & Trust Co.*,
     113 So. 117 (Fla. 1927)……………..…………………………………….12

*Georgia Cas. Co. v. O'Donnell*,
     147 So. 267 (Fla. 1933)……………..…………………………………12, 13

vi

*Hess v. Philip Morris USA, Inc.*,
  40 Fla. L. Weekly S188, (Fla. Apr. 2, 2015)……….…………..8, 16, 18

*H.K.L. Realty Corp. v. Kirtley*,
  74 So.2d 876 (Fla. 1954)……………………………………………18, 19, 24

*Irwin v. Department of Veteran's Affairs*,
  498 U.S. 89, 96 (1990)…………………………………………………25

*Johnson v. Home State Bank*,
  501 U.S. 78, 84 (1991)…………………………………………………11

*Jordan v. Sayre*,
  3 So.329 (Fla. 1888)……………………………………………………..13

*Kaan v. Wells Fargo Bank*,
  981 F.Supp.2d 1271 (S.D.Fla. 11-5-2013)………….………………..21, 22

*Kush v. Lloyd*,
  616 So.2d 415 (Fla. 1992)……………………………………………..18

*Logan v. Zimmerman Brush, Co.*,
  455 U.S. 422 (1982)……………………………………………………24

*Major League Baseball v. Morsani*,
  790 So.2d 1070 (Fla. 2001)……………………………………………8, 24

*Masters, Mates & Pilots v. Lykes Bros., Steamship Co.*,
  200 B.R. 933, 938 (M.D. Fla. 1996)……………………………………3

*McMahon v. Toto*,
  311 F.3d 1077, 1079 (11th Cir. 2002)…………………………………20

*Mosher v. Anderson*,
  817 So.2d (Fla. 2002)…………………………………………………17

*Nehme v. Smithkline Beecham Clinical Labs, Inc.*,
  863 So.2d 201 (Fla. 2003)……………………………………………..19

*Orlick v. Kozak (In re Fin. Federated Title & Trust, Inc.)*,
    309 F.3d 1325 (11th Cir. 2002)……………………………………………3

*Orr v. Allen-Hanford, Inc.*,
    27 So.2d 823 (Fla. 1946)…………………………………………..19

*Pennsylvania Dept. of Public Welfare v. Davenport*,
    495 U.S. 552 (1990)…………………………………………………10

*Plant v. Spendthrift Farm, Inc.*,
    514 U.S. 211 (1995)………………………………………………..21

*Raymond James Financial Services, Inc. v. Phillips*,
    38 Fla. L. Weekly S325, No. SC11-2513 (Fla. May 16, 2013)……….17

*Realty Mortgage Co. v. Moore*,
    85 So. 155 (Fla. 1920)……………………………………………...13

*River Holding Co. v. Nickel*,
    62 So.2d 702 (Fla. 1952)…………………………………………...15

*Rodriguez v. Bank of America*,
    No. 13-Civ-23980 (S.D.Fla. 9-30-2014)………….………………..21

*Romero v. SunTrust Mortgage*,
    15 F.Supp.3d 1279 (S.D.Fla. 4-22-2014)………………………..21

*Scheneman v. Barnett*,
    53 So.2d 641 (Fla. 1951)…………………………………………22

*Shell Oil. Co. v. Dept. of Revenue*,
    496 So.2d 789 (Fla. 1986), *reaffirmed* 540 So.2d 107 (Fla. 1989)………20

*Shelton v. CitiMortgage, Inc.* (*In re* Shelton),
    735 F.3d 747 (8th Cir. 2013), *cert. denied,* 134 S. Ct. 2308 (2014)……….8

*Singleton v. Greymar Associates*,
    882 So. 2d 1004 (Fla. 2004)…………………….……………6, 20, 21, 22

*Slottow v. Hull Inv. Co.*,
    129 So. 577 (Fla. 1930)…………………………………………………15, 18

*Smathers v. Nationstar Mortgage*,
    No. 14-00415 (M.D.Fla. 9-16-2014)………………………………………..21

*Swan Landing Dev. V. FL. Cap. Bank*,
    19 So.3d 1068 (Fla. 2d DCA 2009)…………………….…….…………..13

*The Harrisburg*,
    119 U.S. 199 (1886)…………………………………….……………11, 16

*The Travis Co. v. Mayes*,
    36 So.2d 264 (Fla. 1948)………………………………….……………13, 16, 20

*Travelers Casualty & Surety v. Pacific Gas & Elec.*,
    549 U.S. 443 (2007)…………………………………………………7, 8, 11

*U.S. Bank Nat'l Ass'n v. Bartram*,
    140 So.3d 1007 (Fla. 5th DCA 2014), *cert. granted* (Fla. Sept. 11, 2014)….21

*United States Aid Funds, Inc. v. Espinosa*,
    559 U.S. 260 (2010)…………………………………………………………10

*U.S. v. Wong*,
    No. 13-1074 (U.S. 4-22-2015)…………………………….……………..8

*Verdecia v. Bank of New York*,
    No. 13-62035 (S.D.Fla. 7-31-2014)…………………………….………...21

*Wildwood Crate & Ice Co. v. Citizens Bank*,
    123 So. 699 (Fla. 1929)………………………………….…………..15

*Wiley v. Roof*,
    641 So.2d 66 (Fla. 1994)…………………………………………………24

*Williams v. Robineau*,
    168 So. 644 (Fla. 1936)……………………………………...…15

*Willis v. Garni Golden Glades,*
   *LLC*, 967 So.2d 846 (Fla. 2007)……………………………………….21

## STATUTES

11 U.S.C. § 101(5)(A)……………………………………………..…10
11 U.S.C. § 101(5)(B)………………………………………………..10
11 U.S.C. § 101(12)…………………………………………………..11
11 U.S.C. § 101(37)…………………………………………………..11
11 U.S.C. § 501(c)……………………………………………………..8
11 U.S.C. § 502(b)(1)……………………………………..3, 7, 8, 9, 10
11 U.S.C. § 506(d)………………………………3, 5, 6, 9, 10, 11, 20
11 U.S.C. § 523(a)(8)………………………………………………..10
28 U.S.C. § 157(a)……………………………………………………..1
28 U.S.C. § 157(b)(2)(B)………………………………………………1
28 U.S.C. § 158(a)(1)………………………………………………….1
28 U.S.C. § 1334(b)……………………………………………………1


Fla. Stat. § 95.03……………………………………………………..17
Fla. Stat. § 95.051…………………………………………………….17
Fla. Stat. § 95.11…………………………………………………16, 19
Fla. Stat. § 95.281……………………………………………19, 20, 23
Fla. Stat. § 673.1041…………………………………………………12
Fla. Stat. § 673.3041(2)………………………………………………13
Fla. Stat. § 679.1021(ccc)……………………………………………12
Fla. Stat. § 679.624(3)………………………………………………..17
Fla. Stat. § 697.01(1)…………………………………………………12
Fla. Stat. § 697.02……………………………………………………12
Fla. Stat. § 702.01……………………………………………………13
Fla. Stat. § 702.06……………………………………………………13
Fla. Stat. § 702.09……………………………………………………12
Fla. Stat. § 702.11(1)…………………………………………………16

**OTHER AUTHORITIES**

Art.1, Section 2, Florida Constitution…………………………….…………17, 24
Art. 1, Section 9, Florida Constitution……………………………………17, 24


Fed. R. Bank. Proc. 3007(b)……………………………………………………8
Fed. R. Bank. Proc. 7001(2)……………………………………………………8

Gifis, Steven H., *Barron's Law Dictionary*, 4th ed.,
      Barron's Educational Series, Inc., 1996…………………………….………11

Black's Law Dictionary, Revised Fourth Edition,
      West Publishing Co., 1968……………………………………………….12

# IV.
# JURISDICTIONAL STATEMENTS

**A.    Basis for Bankruptcy Court's Subject-Matter Jurisdiction.**

The United States Bankruptcy Court for the Middle District of Florida, Orlando Division ("Bankruptcy Court") had jurisdiction under 28 U.S.C § 1334(b) and 28 U.S.C § 157(a).  The dispute arose in a Chapter 13 case under Title 11 of the United States Bankruptcy Code and 28 U.S.C § 157(b)(2)(B) as a core proceeding.  The Bankruptcy Court considered the contested matter at a final evidentiary hearing on Mr. Anthony's Objection to Claim [Appendix, p. 23] and Amended Motion to Determine Secured Status [Appendix, p. 38] of the lien securing the objectionable claim.

**B.    Basis for District Court's Jurisdiction.**

This Appellate Court's jurisdiction arises under 28 U.S.C § 158(a)(1) incident to Mr. Anthony's appeal from the Bankruptcy Court's Order overruling his objection, denying his motion and allowing the claim as a matter of law and equity [Appendix, p.200].

**C.    Timeliness of Appeal.**

The Bankruptcy Court rendered its Order on July 20, 2015.  Mr. Anthony filed a Notice of Appeal on July 31, 2015 [Appendix, p. 1].  The record on appeal was docketed September 3, 2015.

1

**D.    Finality of Appealed Order.**

The Bankruptcy Court permanently disposed of Mr. Anthony's objection and motion despite the misleading "without prejudice" label.  The Order was final and Mr. Anthony will find no relief in an adversary proceeding:

> **COURT:**  "The Objection must be overruled and the Motion denied because the relief that the debtor seeks is more appropriate for an adversary proceeding.  But even if the Court is incorrect about that, the relief sought should be denied as a matter of law." [Appendix, p. 202.]

> **COURT:**  "But even if the Court were mistaken regarding the need for an adversary proceeding, the result would not change.  The Court would quickly dispose of the debtor's second argument that the statute of repose has expired." [Appendix, p.203, Order, p. 4.]  "The Court would also reject the debtor's first argument." [Appendix, p. 204.]

> **COURT:**  "The note and mortgage are enforceable against the debtor and his property." [Appendix, p. 206.]

Although the Court claimed no prejudice, its decision ended the litigation when it conclusively determined that the claim was enforceable as a matter of law and equity. [Appendix, p.203-206.] *See Carpenter v. Mohawk Indus., Inc.*, 541 F. 3d 1048, 1052 (11th Cir. 2008).

The Court rejected Mr. Anthony's averment to the Bankruptcy Code definitions for "claim" and "lien" as "too parochial," claiming the interpretation would inequitably create "too great a risk of windfalls to mortgagors." [Appendix, p. 206]   If allowed to stand, the Court's over-generalized determination that liens are claims and therefore enforceable cannot be undone

2

by appeal from a final confirmation order.  The Order permanently deprives Mr. Anthony of the use of his vested limitations defense under 11 U.S.C. § 502(b)(1), which permanently deprives him of his right to invoke 11 U.S.C. §506(d).  *See Masters, Mates & Pilots v. Lykes Bros., Steamship Co.*, 200 B.R. 933, 938 (M.D. Fla. 1996) (*citing Forgay v. Conrad*, 47 U.S. 201 (1847); *See also Bank of America v. Caulkett*, 13-1421 (U.S. June 1, 2015).  The Order is final and appealable in this posture.

## V.
## STATEMENT OF THE ISSUE

**Whether the Bankruptcy Court correctly concluded that the Creditor holds an enforceable claim against the Debtor or Debtor's property?**

The Bankruptcy Court's determination that the Appellee holds an enforceable claim against Mr. Anthony and his homestead property is a question of law that is reviewed *de novo*.  *Orlick v. Kozak (In re Fin. Federated Title & Trust, Inc.)*, 309 F.3d 1325, 1328-29 (11th Cir. 2002).

## VI.
## STATEMENT OF THE CASE

**A.    Statement of the Facts.**

Mr. Anthony's homestead residence is encumbered by a mortgage lien that arose incident to two contracts as part of a mortgage refinance transaction:

(1) a note [Appendix, p. 104-106] and (2) a mortgage [Appendix, p. 69-76]. Appellee, US Bank, N.A., as Trustee for the Certificateholders of Asset Backed Securities Corporation Home Equity Loan Trust Asset Backed Pass Through Certificates, Series OOMC 2006-HE3 (herein referred to as "Creditor"), owns the mortgage debt and the lien securing its repayment.  [Appendix, p. 47, 66.] Appellee, Ocwen Loan Servicing, LLC services the loan on behalf of the Creditor [Appendix, p. 47] and is included in all references to the Creditor.

Mr. Anthony defaulted on his payments on February 1, 2009 [Appendix, p. 66, ¶ 5], and the Creditor accelerated the mortgage debt no later than May 11, 2009 when it filed a mortgage foreclosure action alleging "the full amount due under said note and mortgage to be now due" [Appendix, p. 67, ¶ 6.]  The action was dismissed without prejudice on April 9, 2013.  [Appendix, p. 139.]

**B.   Procedural History.**

Mr. Anthony filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code on August 18, 2014 [Appendix, p. 5], more than five years and one day after he defaulted on the accelerated debt.  He scheduled the Creditor as the holder of a disputed $0.00 claim [Appendix, p. 238.]  He proposed to pay the Creditor $0.00 because the claim was "unenforceable due to expiration of the statute of limitations."  [Appendix, p. 272, 276, 280.]

4

The Creditor objected to plan confirmation [Appendix, p. 284], filed a notice of payment change [Appendix, p. 286], but failed to file claim.[1]  The claims bar date lapsed and Mr. Anthony filed a $0.00 secured claim on the Creditor's behalf [Appendix, p. 18, 20] and objected to its allowance [Appendix, p. 21-29] (the "Objection").  The Creditor responded [Appendix, p. 30-37] but did not attend the initial hearing, and the Court set the Objection for a final evidentiary hearing.  [Appendix, p. 288.]

Mr. Anthony also filed and served an Amended Motion to Determine Secured Status (the "Motion") of the Creditor's lien under Section 506(d) of the Bankruptcy Code [Appendix, p.38-46] which was opposed [Appendix, p.47-62]. The parties argued the merits of the Objection and Motion [Appendix, p.143-182], the Court admitted evidence [Appendix, p.64-141], accepted supplemental briefs [Appendix, p. 182, 184-199], and rendered its Order overruling the Objection and denying the Motion.   [Appendix, p. 200-206.]   This appeal followed.

**C.     Rulings at Issue.**

Mr. Anthony argued that the Bankruptcy Code separately defines the terms "claim" and "lien" and distinguishes claim enforceability from lien

---

[1] The Creditor has not amended the Debtor-filed claim despite representing its intent to do so.  [Appendix, p.284, ¶ 2, p. 297-298, p. 18, p. 145, line 1-25, p. 146, line 1-2]

validity [Appendix, p.147-173, 184-199], thus permitting claim enforceability challenges in contested proceedings.  The Court found an adversary proceeding to be appropriate because his semantic argument belied the relief he sought: to determine lien validity, [Appendix, p. 203] but held as a matter of law and equity that the statutes of limitations is no defense to the Creditor's ability to enforce its claim against the Debtor and his property [Appendix, p.203-206].

**VII.**
**SUMMARY OF THE ARGUMENT**

The plain statutory language and an abundance of Florida Supreme Court decisions distinguish between a claim and the lien securing its repayment.  Mr. Anthony raised vested limitations defenses the Creditor's vested enforcement remedies.  The statute of limitations lapsed five years and one day after Mr. Anthony defaulted on the accelerated debt.  The Creditor has no recourse to Mr. Anthony's property because the Creditor's foreclosure remedy lapsed five years and one day after the accelerated maturity date.

The Creditor holds a lien with no recourse to Mr. Anthony's property and Mr. Anthony is in a unique position to invoke a narrow self-executing provision under Section 506(d) of the Bankruptcy Code to dispose of a valid lien securing a disallowed unenforceable claim.  The evolution of the "*Singleton* fallacy" in response to Florida's foreclosure crisis ignores the contrary body of Supreme

6

Court and legislative law that defined, codified, clarified, and revised over one hundred years of state real property, debt and contract law. This binding law cannot be overruled at the whim of lower courts wielding equitable power where none exists to render decisions like bad checks with no precedential value.

This Court of Review is beholden to the Citizens and Residents to enforce constitutional contractual rights, to protect constitutional property rights, and to follow Florida statutes and Florida Supreme Court decisions on matters already decided. Florida's Supreme Court has not receded from nor overruled the relevant decisions it rendered in less "exigent" circumstances where cooler heads prevailed. The Creditor has no available recognized equitable remedy for its lack of diligence in pursuing its adequate legal remedies and cannot appeal to the judiciary to fix its problem. The last recourse lies with the legislature.

## VIII.
## ARGUMENT

### A.    Mr. Anthony May Challenge the Enforceability of a Claim Secured by a Lien in a Contested Matter under §502(b)(1).

The bankruptcy court "shall allow" a claim "except to the extent" the claim is "unenforceable against the debtor [and debtor's property]...under any agreement or applicable law" under §502(b)(1) or other enumerated exception. *Travelers Casualty & Surety v. Pacific Gas & Elec.*, 549 U.S. 443, 449 (2007). Claims objections are contested matters except when they challenge the validity,

priority, or extent of a lien, in which case the movant must file an adversary proceeding.   Fed. R. Bank. Proc. 3007(b); 7001(2).   Mr. Anthony did not challenge the validity, priority nor extent of the lien.

Section 502(b)(1) avails Mr. Anthony of all state law defenses to claims asserted against him in bankruptcy.  *Travelers Casualty*, 549 U.S. at 450.  "Both statutes of limitations and statutes of repose are affirmative defenses," *Hess v. Philip Morris USA, Inc.*, No. 40 Fla. L. Weekly S188 (Fla. Apr. 2, 2015).  Statutes of limitations are procedural bars to claim enforcement while statutes of repose are jurisdictional.  *See Major League Baseball v. Morsani*, 790 So.2d 1070 (Fla. 2001); *U.S. v. Wong*, No. 13-1074 (U.S. 4-22-2015).

Although the Creditor would have retained its lien without filing a claim, once the bar date lapsed, Mr. Anthony was vested with the right to file a claim on the Creditor's behalf pursuant to 11 U.S.C. § 501(c) to bring the disputed claim before the Court, *Folendore v. SBA (In re Folendore)*, 862 F.2d 1537, 1539 (11th Cir. 1989), so he could object it allowance and raise his vested affirmative defense to its enforceability.  *See Shelton v. CitiMortgage, Inc.* (*In re* Shelton), 735 F.3d 747 (8th Cir. 2013), *cert. denied,* 134 S. Ct. 2308 (2014).

Had Mr. Anthony objected because the mortgage giving rise to the Creditor's lien was defective *ab initio*, lien validity would have been at issue for an adversary proceeding.  *See Bank of Miami v. Fidelity & Cas. Co.*, 239 So.2d 97,

99 (Fla. 1970).   Mr. Anthony acknowledges the existence of the Creditor's lien and the debt it originally secured, but he challenges his liability and the Creditor's ability to enforce its claim with no recourse to Mr. Anthony's property.   Neither of these objections place lien validity, lien extent, nor lien priority before the Court.   *Florida East Coast Railway Co. v. Peters*, 73 So. 151, 164 (Fla. 1916).   As explained below, the Creditor's claim should have been disallowed under §502(b)(1) in Mr. Anthony's case because his personal liability on the mortgage debt lapsed and his property's contingent liability is unenforceable because the Creditor's foreclosure remedy lapsed.

**B.     The Creditor's Lien is Void under the Narrow Self-Executing Provision of §506(d) if it Secures a Disallowed Claim.**

Mirroring the evolution of our property, debt, and contract laws, Mr. Anthony's arguments took time to evolve to the convergent position he attempted to convey by oral argument [Appendix, p.142-183] and supplemental briefing [Appendix, p.184-199].

"[T]o the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void."   11 U.S.C. §506(d).   An "allowed claim" secured by a lien "with recourse to the underlying collateral" does not come within the scope of §506(d), *Dewsnup v. Timm*, 506 U.S. 410, 415-416 (1992); *Bank of America v Caulkett*, 13-1421 (U.S. June 1, 2015) (a debtor can only

9

prevail under §506(d) "if the … claims are 'not …allowed secured claim[s]'"). Disallowance of the Creditor's claim is a condition precedent to Mr. Anthony's right to invoke §506(d).  *Id.*; *Folendore*, 862 F.2d at 1539; *Farrey v. Sanderfoot*, 500 U.S. 291, 297 (1991).  The Order deprives Mr. Anthony of this right.

Mr. Anthony asks this Court of Review to compare §506(d) to §523(a)(8). Under §523(a)(8), an "undue hardship" determination is a condition precedent to dischargeability of certain student loan.  *United States Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 269-271 (2010).  A debtor must take a pointed first step to obtain the requisite determination, but once obtained, previously nondischargeable loans are automatically discharged.  Comparatively, Section 506(d) requires an enforceability determination before it self-executes.  Mr. Anthony's Section 502(b)(1) Objection, if sustained, triggers Section 506(d) and disposes of the sole impediment to final confirmation.

## C.  The Creditor's Claim is Unenforceable against Mr. Anthony & His Property and Must Be Disallowed under §502(b)(1).

### i.  The Terms "Claim" and "Lien" Are Not Synonymous Under the Bankruptcy Code.

A "claim" is a "right to payment," 11 U.S.C. § 101(5)(A), or "right to an equitable remedy" for a breach giving rise to a right to payment, 11 U.S.C. § 101(5)(B), and "nothing more nor less than an enforceable obligation." *Pennsylvania Dept. of Public Welfare v. Davenport*, 495 U.S. 552 (1990).  The term

10

"debt" means liability on a claim, 11 U.S.C. §101(12).   Liability and enforcement remedies are created and limited by statute.  See *The Harrisburg*, 119 U.S. 199, 214 (1886).  State laws generally determine the substance of claims and their enforcement remedies.  *Travelers Casualty*, 549 U.S. at 449; *Butner v. United States*, 440 U.S. 48, 55-57 (1979).

A "lien" is a "charge against or interest in property to secure payment of a debt or performance of an obligation," 11 U.S.C. §101(37).  A claim secured by a lien "with recourse to the underlying collateral" is allowable when the creditor retains a right to payment in the form of proceeds from the sale of the collateral, *Bank of America v. Caulkett*, 13-1421 (U.S. June 1, 2015); *Johnson v. Home State Bank*, 501 U.S. 78, 84 (1991).  Without recourse to the collateral, the lien is void under 11 U.S.C. §506(d), but only if the claim has already been disallowed.  *See Bank of America v. Caulkett*, 13-1421 (U.S. June 1, 2015).

"Recourse" is "the act of satisfying a claim, i.e., 'recourse in the courts'…[or on failure to obtain a desired result]…'recourse in the legislature'…[or in financing] the ability to pursue a judgment for a default on a note not only against the property underlying the note, but also against the party or parties signing the note."  Gifis, Steven H., *Barron's Law Dictionary*, 4th ed. pg. 421, Barron's Educational Series, Inc. (1996).  There is "no recourse" where there is no access to, no return to or no coming back upon the person or

11

collateral.  Black's Law Dictionary, Revised Fourth Edition, West Publishing Co., 1968.

### ii.    A Claim for Mortgage Debt and a Mortgage Lien are Two Entirely Different Concepts Under Florida Law.

"Mortgage debts" and "mortgage liens" are two entirely different legal concepts, *Bank of Miami*, 239 So.2d 97 at 99.  A written instrument securing the payment of money is a "mortgage."  Fla. Stat. § 702.09; See also Fla. Stat. § 697.01(1); § 679.1021(ccc). A note or other written obligation given for the payment of money is a "debt."  Fla. Stat. § 702.09; See also Fla. Stat. § 673.1041. The mortgage creates a lien to secure payment of the debt and gives a mortgagee the right to foreclose to recover the unpaid debt.  *See Georgia Cas. Co. v. O'Donnell*, 147 So. 267 (Fla. 1933).  A mortgage is not a conveyance of legal title or right of possession.  Fla. Stat. § 697.02.

The *validity* of mortgage lien is not dependent upon the enforceability of the debt or obligation it secures.  *Bank of Miami*, 239 So.2d at 99 (title insurer's guaranty of lien validity is premised upon a facially valid mortgage instrument without inquiry to or guaranty of the note)(emphasis added); *Guaranty Title & Trust Co.*, 113 So. 117 (Fla. 1927) (a mortgage is incidental to the payment of a valid debt or obligation, and the lien is incident to a valid mortgage).

### iii.   Mortgage Debt Liability and Corresponding Default Remedies Are Misunderstood Creatures of Florida Law.

Notes are contracts to repay debts and mortgages are contracts that secure repayment of debts and their enforcement are founded upon written instruments.  See *Jordan v. Sayre*, 3 So.329 (Fla. 1888).  A claimant may elect to enforce a note as a breach of contract claim for the unpaid debt by seeking legal relief in the form of a money judgment, *Swan Landing Dev. V. FL. Cap. Bank*, 19 So.3d 1068, 1072 (Fla. 2d DCA 2009), or by filing a mortgage foreclosure action in equity with or without a demand for a deficiency judgment.  Fla. Stat. §702.01; §702.06.  *Realty Mortgage Co. v. Moore*, 85 So. 155, 156 (Fla. 1920) (mortgage foreclosures are equitable actions to enforce payment of debt secured by the mortgage).

A foreclosure action accrues upon the mortgagor's default on the debt. *Georgia Cas. Co.*, 147 So. 267 (Fla. 1933); *The Travis Co. v. Mayes*, 36 So.2d 264 (Fla. 1948).  Default occurs on a fixed maturity installment note upon nonpayment of each installment, unless contractually accelerated, in which case default occurs upon nonpayment of the entire debt the day after the accelerated due date.  Fla. Stat. 673.3041(2).

The contracts between the parties contained the following provisions:

(B) "If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.  If I am in in default the Note Holder may

13

require me to pay immediately the full amount of principal which has not been paid and all interest that I owe on that amount together with any other charges that I owe under this Note or the [Mortgage]…" [Appendix, p.105, ¶ 7]

"In addition to …this Note, a Mortgage…protects the Note Holder …[and] describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this note." [Appendix, p.106, ¶ 11]

"If Lender exercises the option to [accelerate]…[and] the borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by [the Mortgage] *without further notice or demand on Borrower*." [Appendix, p.106, ¶ 11]

"If any installment under the Note…secured hereby is not paid when due or *if Borrower should be in default* under any provision of this [Mortgage],…all sums secured by this [Mortgage] and accrued interest thereon *shall at once become due and payable at the option of the Lender without prior notice*…and regardless of any prior forbearance…" [Appendix, p.74, ¶ 21]

"Time is of the essence in the performance of each provision of this [Mortgage]." [Appendix, p.74, ¶ 25]

Acceleration is a recognized contractual remedial election that only the Creditor can invoke. The election benefits the Creditor because it causes an action to accrue upon default of the entire debt and relieves the Creditor of the long wait before the original contractual maturity date and avoids multiple suits to enforce individual payment defaults. Such an election inures solely for the Creditor's benefit and is materially detrimental to a mortgagor such as Mr. Anthony and to holders of other secured interests in the same property because

14

it terminates all but one option—pay the entire debt or lose your home.  *See River Holding Co. v. Nickel*, 62 So.2d 702 (Fla. 1952).  *Wildwood Crate & Ice Co. v. Citizens Bank*, 123 So. 699 (Fla. 1929).   The longer the Creditor waits to enforce the default, the greater the hurdle because the Creditor continues to assess fees, default interest and charges to the account until it finally forecloses the mortgage.  [Appendix, p.73, ¶ 18]

In this case, the Creditor had three choices of action after it elected to accelerate the debt:  1) sue for breach of contract; 2) sue to foreclose the mortgage and reserve jurisdiction to pursue a deficiency claim; or 3) sue to foreclose the mortgage without putting the note deficiency at issue, and then file a separate note deficiency action.

The Creditor voluntarily elected to accelerate the note and mortgage, voluntarily delayed enforcing the default, and is bound to its election by the maxim of *electa una via.  See Williams v. Robineau*, 168 So. 644 (Fla. 1936); *Slottow v. Hull Inv. Co.*, 129 So. 577 (Fla. 1930) (a mortgagee may waive its election to accelerate the due date by accepting payments or other modification or agreement, but such election may be irrevocable where a debtor or interested party…*would be prejudiced by the waiver*) (emphasis added).   It is difficult to imagine a greater prejudice to Mr. Anthony than would result from the court's

15

dispossession of his vested statute of limitations defense and §506(d) right of election.

### iv. **Mr. Anthony's Liability and the Creditor's Default Remedies are Limited by Florida's Legislature and Supreme Court.**

Statutes of limitations bar actions by setting a time limit within which an accrued cause action must be filed measured from an act specified by statute, after which time obtaining relief is barred," *Hess,* 40 Fla. L. Weekly S188, (Fla. Apr. 2, 2015), unless avoided, limited, tolled, or extended by statute, *Id.*. Mr. Anthony objected to allowance of the Creditor's claim because the Fla. Stat. § 95.11 limited not only his liability, but also the remedies the Creditor was charged with timely pursuing, which in turn limited his property's liability. *The Harrisburg*, 119 U.S. 199, 214 (1886).

Legal or equitable actions to enforce a contract, obligation or liability founded on a written instrument and actions to foreclose a mortgage must be commenced within five years after they accrue, Fla. Stat. §§ 95.11(2)(b), 95.11(2)(c), which in this case was the day after the Creditor accelerated the due date on Mr. Anthony's mortgage debt. *The Travis Co. v. Mayes*, 36 So.2d 264 (Fla. 1945) (when the mortgage in terms declares the entire indebtedness due upon default, the statute of limitations to foreclose begins to run immediately upon default of the accelerated debt). *See also* Fla. Stat. § 702.11(1) (adequate

protection required to foreclose lost notes "for a time period through the running of the statute of limitations for enforcement of the underlying note…").

The Creditor argued that Mr. Anthony waived his limitations defense [Appendix, p. 180, Line 1-15] in the mortgage instrument:

> "The pleading of the statute of limitations as a defense to enforcement of this [Mortgage] or any and all obligations referred to herein or secured hereby is hereby waived to the fullest extent permitted by law." [Appendix, p.75, ¶ 26]

Mr. Anthony responded that the waiver was unenforceable [Appendix, p. 181, Line 23]. While Fla. Stat. § 95.03[2] only voids contractual provisions that shorten limitations periods, it would be "resolutely unfair…to award one who willfully …slept on his legal rights an opportunity to enforce an unfresh claim" when the purpose of the limitations statute is to "protect defendants from unfair surprise and stale claims." *Raymond James Financial Services, Inc. v. Phillips*, 38 Fla. L. Weekly S325, No. SC11-2513 (Fla. May 16, 2013) (*revised* November 7, 2013). Mr. Anthony's inalienable right to protect his property, Art. 1, Sec. 2, and not to be deprived thereof without due process, Art. 1, Sec. 9, under the Florida Constitution, especially with respect to his homestead residence counsel against a waiver provision in a non-purchase money adhesion contract. *See City*

---

[2] Mr. Anthony was referring generally to Fla. Stat. §95.03, § 95.051 (permissible tolling provisions), as well as §679.624(3) (requiring that redemption waivers be in a post-default authenticated writing).

*of Miami v. Benson*, 63 So.2d 916, 923 (Fla. 1953) (an agreement that cannot be performed without violating a constitutional provision, is illegal and void).

A creditor's failure to pursue foreclosure after acceleration does not automatically decelerate or re-extend the accelerated due date, *Slottow v. Hull Inv. Co.*, 129 So. 577 (Fla. 1930), and the creditor must timely prosecute his right of action before the action is barred by the statutes of limitations. *See H.K.L. Realty Corp. v. Kirtley*, 74 So.2d 876, 877 (Fla. 1954). "The primary purpose of a mortgage is to secure payment with interest a definite sum of money loaned and any attempt to revive a stale foreclosure claim on the original debt by adding newly advanced fees fails to defeat a limitations bar as to the original debt." *Federal Land Bank v. Brooks*, 190 So. 737 (Fla. 1939). Mr. Anthony cannot find any other available recognized remedy and the Creditor has cited none that would somehow revive the Creditor's ability to enforce the note and the obligations contained therein.

**v.     The Statute of Repose is a "Red Herring" and Inapplicable.**

While statutes of limitations bar actions by limiting the time within which an action may be commenced, statutes of repose set a time limit after which a cause of action is extinguished, *Hess v. Philip Morris USA, Inc.*, 40 Fla. L. Weekly S188 (Fla. Apr. 2, 2015). Statutes of repose run from a discrete act without regard to when the cause of action accrued, *Kush v. Lloyd*, 616 So.2d 415 (Fla.

18

1992), and protect the public from proof defects inherent to the passage of time. *See Nehme v. Smithkline Beecham Clinical Labs, Inc.*, 863 So.2d 201, 208-09 (Fla. 2003).

Fla. Stat. § 95.281 has no application nor relevancy in Mr. Anthony's case. It makes no provision for the commencement of a cause of action, and is entirely devoid of any key remedial words such as "action," "within," "begin," "enforce," "arising," "legal," "equitable," "recover," "liability," "debt," "note," "breach," and "foreclose."   It cannot be employed to revive a stale claim to enforce mortgage debt because Section 95.281 "shall not apply to mortgages the enforcement of which is barred under existing law…" *See H.K.L. Realty Corp. v. Kirtley*, 74 So.2d 876, 877 (Fla. 1954).

Likewise, key terms used abundantly in Section 95.281, such as "terminate," "lien," "after," "final," "maturity," "ascertainable," "security," "recorded," "encumber," "real property," "successor," "interest," appear nowhere in Section 95.11.   These terms are relevant to title determination, lien termination and jurisdictional termination.   *See Blackburn v. Venice Inlet Co.*, 38 So.2d 43, 46-47 (Fla. 1948); *Orr v. Allen-Hanford, Inc.*, 27 So.2d 823 (Fla. 1946);

Whether the maturity date is ascertainable from the record[3] is a "red herring" in cases where the statute of limitations has already barred the action necessary to enforce a lien—i.e. the foreclosure action.  A creditor's failure to timely commence its accrued foreclosure action before expiration of the 5 year statute of limitations period terminates the creditor's remedies to the collateral prior to expiration of the statute of repose.  *See Travis Co.*, 36 So.2d 264, 266 (Fla. 1948).  The result is a naked lien.  Even if the Creditor were entitled to wait until Section 95.281 lapsed in case Mr. Anthony ever sold his home, Section 506(d) of the Bankruptcy Code forecloses that option, not because the Creditor has no right to payment, but because it has no *enforceable* right to payment, i.e. no recourse.

###### vi.   The *Singleton* Fallacy is an Abuse of Equitable Discretion With Constitutional Implications.

"A reviewing court must follow controlling statutes no matter what omissions may have occurred at trial," *Shell Oil. Co. v. Dept. of Revenue*, 496 So.2d 789, 792 (Fla. 1986), *reaffirmed* 540 So.2d 107 (Fla. 1989).  Federal courts ruling on substantive matters governed by Florida law are bound first by controlling state statutes, then by controlling case law interpreting those statutes.  *See*

---

[3] "As against third persons a mortgage must point out its subject-matter so that they may identify such property by the aid of such inquiries as the instrument itself suggests; but between the parties, such identification as will make the mortgagee reasonably certain as to what property is subject to his lien is sufficient."  *Davis v. Horne*, 45 So. 476 (Fla. 1907).

*McMahon v. Toto*, 311 F.3d 1077, 1079 (11ᵗʰ Cir. 2002) (federal courts acknowledge that when they "guess" as to Florida law, they "write in faint and disappearing ink").

Absent a definite express declaration, the Florida Supreme Court does not overrule its prior decisions, *Arasli v. Chase Home Finance, LLC*, 121 So.3d 511, 516-517 (Fla. 2013); *Willis v. Garni Golden Glades, LLC*, 967 So.2d 846, 875 (Fla. 2007) ("[W]e do not recede from our cases *sub silentio*"). Nor may its decisions be overruled by any lower state or federal court decision. See *Plant v. Spendthrift Farm, Inc.*, 514 U.S. 211, 219 (1995) (the nature of judicial power is the dispositive judgments that stem from its use are reviewable only by superior courts).

The bankruptcy court relies primarily upon *Singleton v. Greymar Associates*, 882 So. 2d 1004 (Fla. 2004), and a wayward line of cases[4] finding their genesis in one federal quiet title holding, *Kaan v. Wells Fargo Bank*, 981 F.Supp.2d 1271, 1274 (S.D.Fla. 11-5-2013) ("the note and mortgage remain a valid and

---

[4] *Romero v. SunTrust Mortgage*, 15 F.Supp.3d 1279 (S.D.Fla. 4-22-2014); *U.S. Bank Nat'l Ass'n v. Bartram*, 140 So.3d 1007 (Fla. 5th DCA 2014), *cert. granted* (Fla. Sept. 11, 2014); *Evergrene Parnters, Inc. v. Citibank, N.A.*, 143 So.3d 954 (Fla. 4th DCA 2014); *Verdecia v. Bank of New York*, No. 13-62035 (S.D.Fla. 7-31-2014); *Espinoza v. Countrywide Home Loans Servicing*, No. 14-20756 (S.D.Fla. 8-5-2014); *Smathers v. Nationstar Mortgage*, No. 14-00415 (M.D.Fla. 9-16-2014); *Rodriguez v. Bank of America*, Case No. 13-Civ-23980 (S.D.Fla. 9-30-2014).

enforceable lien against [the] property" in the event of some other breach or default).

In *Singleton,* the Florida Supreme Court narrowly held that*:*

"[R]es judicata does not *necessarily* bar successive foreclosure suits, regardless of whether or not the mortgagee sought to accelerate payments on the note in the first suit.  *In this case*, the subsequent and separate alleged default created a new and independent right in the mortgagee to accelerate payment on the note in a subsequent foreclosure action."  *Singleton v. Greymar Associates,* 882 So. 2d 1004 (Fla. 2004)(emphasis added).

*Singleton* cited four deficiency cases to support its *res judicata* holding.  In *Capital Bank v. Needle*, doctrines of waiver, estoppel, election of remedies, breach of subsequent agreement precluded a *res judicata* bar, 596 So.2d 1134 (Fla. 4th DCA 1992).  See also *Craigin v. Ocean & Lake Realty Co.*, 133 So. 569 (Fla. 1931); *Scheneman v. Barnett*, 53 So.2d 641 (Fla. 1951); *Frumkes v. Mortgage Guarantee Corp.*, 173 So.2d 738 (Fla. 3d DCA 1965).  Nowhere in its opinion did the *Singleton* Court expressly declare an intent to overrule any of the decisions cited herein, nor a plethora of others that form a list too long for Mr. Anthony to efficiently convey.

The *Kaan* court, and courts that followed *Kaan*, transferred the *Singleton* *res judicata* holding to a statute of limitations holding by reasoning that if equitable principal of *res judicata* cannot be invoked to work an injustice in a

court of equity, and the statute of limitations would work an injustice, then statutes of limitations cannot be invoked to work an injustice in an action to enforce a note or to foreclose a mortgage.

The emergent theory is a that dismissal of an action negates an elected contractual remedy (the "deceleration theory"), relieves the Creditor of the intended consequences of his elected remedy, and resets the limitations clock by operation of law *ad infinitum* until the sooner of the Creditor's ability to obtain a judgment or until the court's jurisdiction lapses under  Section 95.281.   In asserting this argument, the Creditor disclaims its duty to prove its right to decelerate, and instead claims that Mr. Anthony must disprove that deceleration occurred, which is an endeavor more awkward in practice than it reads on this page.

Mr. Anthony's rights are mysteriously absent from this "equitable" equation.  When parties mutually contract to perform certain legal rights and duties, courts are constitutionally charged with safeguarding the validity and enforcement of the contracts giving rise to those rights and duties. See *David v. Sun Federal Sav. & Loan Association*, 461 So.2d 93 (Fla. 1984).  When contractual acceleration occurred, each party was vested with new rights and duties. Florida's Supreme Court has recognized that an accrued statute of limitations defense is a vested property right, as is an accrued cause of action. *American*

*Optical Corp. v. Spiewak*, 73 So.3d 120, 125-126 (Fla. 2011) (citing *Wiley v. Roof*,

641 So.2d 66, 68 (Fla. 1994).

> "Article I, section 2 of the Florida Constitution guarantees to all persons
> the right to acquire, possess, and protect property. Section 9 of the same
> article provides that "[n]o person shall be deprived of life, liberty or
> property without due process of law." Art. I, § 9, Fla. Const. The United
> States Supreme Court has clearly held that a cause of action is "a species
> of property protected by the Fourteenth Amendment's Due Process
> Clause." *Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 428, 102 S.Ct.
> 1148, 71 L.Ed.2d 265 (1982)." *Id.*

The deceleration theory also invades legislative province. Under Florida's

separation of powers jurisprudence, limitations issues are left to the legislature

and not the courts, *Major League Baseball v. Morsani*, 790 So.2d 1071, 1074 (Fla.

2001). Courts of equity will apply the statute of limitations in an equity suit the

same as it would in a court of law, *H.L.K. Realty Corp. v. Kirtley*, 74 So.2d 876

(Fla. 1954), and have no power to overrule established law, *Federal Ins. Co. v.*

*Southwest Florida Retirement Ctr., Inc.*, 707 So.2d 1119, 1121-22 (Fla. 1998) (courts

will not write in exceptions to statutes of limitations when the legislature has

not).

Neither the Creditor nor the bankruptcy Court asserted an established

legal theory to avoid the statutes of limitations. *See Major League Baseball*, 790

So.2d at 1076 (established theories that may operate to deflect statutes of

limitations include accrual, statutory tolling, equitable tolling, waiver, and

equitable estoppel); *Irwin v. Department of Veteran's Affairs*, 498 U.S. 89, 96 (1990) (such doctrines favor a claimant who "actively pursued his judicial remedies by filing [an action] during the statutory period" but not one who "failed to exercise due diligence in preserving his legal rights").

This reviewing court is obligated to ignore newly created remedial theories advanced in the exercise of nonexistent equitable power, and its failure to do so is an election to ignore legislatively-created statutes, to "overrule" binding Florida Supreme Court precedent, and to champion a constitutional crisis.

## IX
## CONCLUSION

The Appellant requests that the Court **REVERSE** the bankruptcy Court's order and hold as a matter of law:

1)      that under the facts of this case, a §502(b)(1) objection need not be brought in an adversary proceeding; and

2)      that the Creditor's claim must be disallowed because it is no longer enforceable against Mr. Anthony nor against Mr. Anthony's property; and

3)      that §506(d) is a self-executing provision that Mr. Anthony need not invoke in an adversary proceeding;

**X.**
## CERTIFICATE OF COMPLIANCE

1.     This brief complies with the type-volume limitation F. R. Bankr. P. 8015(a)(7) because this brief contains 25 pages (5,778 words), excluding the parts of the brief exempted by F. R. Bankr. R. 8015(a)(7)(B)(iii).

2.     This brief complies with the typeface requirements of F. R. Bankr. P. 8015(a)(5) and the type-style requirements of F. R. Bankr. P. 8015(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2015 in 14-point Calisto MT font.

Dated:  October 5th, 2015.          By:     */s/  Catherine J. Jones*
                                                    *Attorney for Appellant*
                                                    *Richard S. Anthony*

26

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was electronically served through the CM/ECF system this 5th day of October, 2015, on all counsel and parties of record on the service list below.

Baker, Donelson, Bearman
Caldwell & Berkowitz
A. Renee Decker, Esq.
100 S.E. Third Ave., Ste. 1620
Fort Lauderdale, FL  33394
*Attorney for Appellees*

Office of the United States Trustee
George C. Young Federal Building
400 West Washington St., Ste. 1100
Orlando, FL  32801

Dated:  October 5th, 2015.          By:    */s/  Catherine J. Jones*
                                              *Attorney for Appellant*
                                              *Richard S. Anthony*

27