# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

In Re: Richard S. Anthony

**RICHARD S. ANTHONY,**

      Appellant,

v.                                               Case No:   6:15-cv-1302-Orl-31

**OCWEN LOAN SERVICING, LLC and**
**U.S. BANK NATIONAL ASSOCIATION,**

      Appellees.

## ORDER

This matter comes before the Court on Appellant's Initial Brief (Doc. 12) appealing the United States Bankruptcy Court for the Middle District of Florida's order (Doc. 10-13) overruling his objection to a claim of U.S. Bank, N.A. ("U.S. Bank") and denying without prejudice his Motion to Determine Secured Status (Doc. 10-1).   In resolving this appeal, the Court has also considered the Appellee's Brief (Doc. 15) filed by U.S. Bank and Ocwen Loan Servicing, LLC ("Ocwen").

**I.**     **Background**

Anthony owns a home in Cocoa Beach, Florida.   U.S. Bank holds a note secured by a mortgage on Anthony's home.   Ocwen services the mortgage on behalf of U.S. Bank.   As set forth in the Bankruptcy Court's order, U.S. Bank initiated a foreclosure action on its mortgage in state court in May 2009.[1]   (Doc. 10-13 at 2).   By way of the complaint in that case, U.S. Bank

---

[1] According to his brief, Anthony defaulted on his payments on February 1, 2009.

"declare[d] the full amount due under [the] note and mortgage."  (Doc. 10-13 at 2).   The case proceeded to trial but the state court judge dismissed it without prejudice in 2013.[2]  (Doc. 10-13 at 2).

On August 18, 2014, Anthony filed a voluntary petition pursuant to Chapter 13 of the Bankruptcy Code.   On February 4, 2015, Anthony filed a proof of claim on behalf of U.S. Bank and Ocwen (henceforth, the "Secured Creditors").   Anthony asserted that the claim was based on a recorded mortgage and that the value was $0.00.   Three weeks later, Anthony filed an objection to the Secured Creditors' claim (henceforth, the "Objection"), arguing *inter alia* that the mortgage was unenforceable due to the running of the statute of limitations.   (Doc. 12-2 at 22).   On April 14, 2015, Anthony filed a motion to determine secured status (henceforth, the "Motion").   Anthony argues that he sought the status determination pursuant to 11 U.S.C. § 506(d).   (Doc. 12 at 5).  With some exceptions not applicable to the instant case, 11 U.S.C. § 506(d) provides that "[t]o the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void."[3]

After an evidentiary hearing regarding the Objection and the Motion, the Bankruptcy Court ruled in favor of the Secured Creditors, for two reasons:   First, because Anthony was required to bring an adversary proceeding rather than simply treating the Objection and the Motion as contested matters, and second, on the merits Anthony's argument had been rejected by most

---

[2] Anthony's counsel (who also represented him in the state court foreclosure case) states that that action was dismissed because the lender was unable to establish that it possessed the note and mortgage (and therefore the right to enforce them) before filing suit.   (Doc. 10-1 at 2 n. 1).

[3] Pursuant to the Bankruptcy Code, the Bankruptcy Court "shall allow" a creditor's claim over a debtor's objection except to the extent that, *inter alia*, such claim is unenforceable against the debtor or the property of the debtor.   11 U.S.C. § 502(b)(1).

- 2 -

Florida courts.   (Doc. 10-13).   By way of the instant appeal, Anthony challenges both of these conclusions.

## II.   Legal Standard

Generally speaking in reviewing a decision of the Bankruptcy Court, the District Court must accept the Bankruptcy Court's factual findings unless they are clearly erroneous, but any legal conclusions are reviewed *de novo*.   *See, e.g.*, *In re Englander*, 95 F.3d 1028, 1030 (11th Cir. 1996).   The parties agree that the Bankruptcy Court's determinations as to the necessity of an adversary proceeding and the running of the statute of limitations are legal conclusions, subject to *de novo* review on appeal.

## III.   Analysis

### A.   Adversary Proceeding or Contested Matter

> When controversies arise in bankruptcy cases, they can usually be categorized as an adversary proceeding or a contested matter. Contested matters are resolved by motion practice. … Bankruptcy Rule 7001 sets forth 10 types of proceedings that constitute adversary proceedings. … If a dispute does not fall within the definition of an adversary proceeding, it is a contested matter. … As one court has noted, the Bankruptcy Rules give "an adversary proceeding all the trappings of traditional civil litigation."

1 Howard J. Steinberg, Bankruptcy Litigation § 5:1 (2d ed. 2007 & Supp. 2015).

Most objections to claims are resolved as contested matters; but when such objections challenge "the validity, priority, or extent of a lien," the objecting party must file an adversary proceeding.   Fed.R.Bankr.P. 3007(b); 7001(2).   Before the Bankruptcy Court, Anthony argued that he was not obligated by Fed.R.Bankr.P. 7001(2) to bring an adversary proceeding because he was seeking to determine the validity of a claim – *i.e.*, the note – rather than the validity of a lien – *i.e.*, the mortgage.

The Bankruptcy Court disagreed, finding that regardless of however else the relief sought might be characterized, in substance Anthony was seeking a determination as to the validity and extent of the mortgage. Upon review, this Court finds that the Bankruptcy Court did not err in overruling the Objection and dismissing the Motion due to the failure to file an adversary proceeding. Pursuant to Section 506(d), a determination that the note was unenforceable would have rendered the mortgage invalid. The Objection and Motion were attacks on the mortgage, not just the note.

### B. Statute of Limitations

Florida law provides a five-year statute of limitations for foreclosure actions. Fla. Stat. § 95.112(c).[4] In both the Objection and in the Motion, Anthony argued that U.S. Bank accelerated his debt obligation no later than May 2009, when it filed the foreclosure action. Because more than five years have passed since that date, the statute of limitations has run and the debt is unenforceable and therefore worthless. As such, the argument continues, U.S. Bank's claim is not an "allowed claim," and the lien securing that claim must be stripped off under 11 U.S.C. § 506(d).

Before the Bankruptcy Court, Anthony relied on the opinion in *Deutsche Bank Tr. Co. v. Beauvais*, 2014 WL 7156961 (Fla. 3d DCA Dec. 17, 2014), which held, in essence, that when a lender accelerates the underlying debt and sues to foreclose the mortgage, and then has its foreclosure case dismissed without prejudice, the statute of limitations precludes any subsequent actions to collect the accelerated debt. (Doc. 10-13 at 5). The Bankruptcy Court rejected the *Beauvais* decision in favor of a line of cases originating with *Singleton v. Greymar Associates*, 882

---

[4] Before the Bankruptcy Court, Anthony also argued that Florida's statute of repose, Fla. Stat. § 95.281, precluded a foreclosure action by U.S. Bank. On appeal, however, Anthony argues that the statute of repose "has no application nor relevancy" to his case. (Doc. 12 at 31).

So. 2d 1004 (Fla. 2004). *Singleton* also involved an acceleration and foreclosure; however, the foreclosure action in *Singleton* had been dismissed with prejudice. *Id.* at 1005. The lender subsequently filed another foreclosure action, based on a different default. *Id.* Despite the fact that judgment had been entered against the lender in the first action after an acceleration, the Florida Supreme Court held that *res judicata* did not bar the second suit.

> While it is true that a foreclosure action and an acceleration of the balance due based upon the same default may bar a subsequent action on that default, an acceleration and foreclosure predicated upon subsequent and different defaults present a separate and distinct issue. *See [Olympia Mortgage Corp. v. Pugh,* 774 So.2d 863, 866 (Fla. 4th DCA 2000)] ("We disagree that the election to accelerate placed future installments at issue."); *see also Greene v. Boyette,* 587 So.2d 629, 630 (Fla. 1st DCA 1991) (holding that a mortgagee can successfully recover twice on one mortgage for multiple periods of default because the payments were different "installments"). For example, a mortgagor may prevail in a foreclosure action by demonstrating that she was not in default on the payments alleged to be in default, or that the mortgagee had waived reliance on the defaults. In those instances, the mortgagor and mortgagee are simply placed back in the same contractual relationship with the same continuing obligations. **Hence, an adjudication denying acceleration and foreclosure under those circumstances should not bar a subsequent action a year later if the mortgagor ignores her obligations on the mortgage and a valid default can be proven.**

*Singleton*, 882 So. 2d at 1007 (emphasis added). Under this line of cases, an unsuccessful acceleration does not bar later actions based on subsequent defaults – and therefore the note is enforceable.

The decision in *Beauvais* was recently withdrawn on rehearing *en banc*; it has been superseded by an opinion in which the Third District Court of Appeals determined that *Singleton* controlled its decision and the lender could file a second foreclosure action despite the dismissal of the first one:

> We reverse because we, like our sister courts, find the Florida Supreme Court's decision in *Singleton v. Greymar Associates,* 882

> So.2d 1004 (Fla. 2004), applicable to the instant action, and that it mandates reversal. *See Evergrene Partners, Inc. v. Citibank, N.A.,* 143 So.3d 954, 956 (Fla. 4th DCA 2014) (applying *Singleton* and concluding that the statute of limitations would not bar foreclosure of an accelerated loan where an earlier, voluntarily dismissed, foreclosure had been brought to enforce the same loan accelerated for a separate default); *see also Nationstar Mortg., LLC v. Brown,* 175 So.3d 833, 834–35 (Fla. 1st DCA 2015) (applying *Singleton* to hold that the statute of limitations did not bar an action to foreclose an accelerated loan brought more than five years after a prior action to foreclose on the same accelerated loan had been brought but then voluntarily dismissed without prejudice); *accord Hicks v. Wells Fargo Bank, N.A.,* 178 So.3d 957, 959 (Fla. 5th DCA 2015) (citing *Singleton* and concluding "we reject Homeowners' implication in their brief that Bank is now forever barred from bringing an action to foreclose. Despite the previous acceleration of the balance owed in both the instant suit and prior suit, Bank is not precluded from filing a new foreclosure action based on different acts or dates of default not previously alleged, provided that the subsequent foreclosure action on the subsequent defaults is brought within the statute of limitations period found in section 95.11(2)(c), Florida Statutes").

*Deutsche Bank Trust Co. Americas v. Beauvais*, __ So.3d __, 2016 WL 1445415, at *2 (Fla. 3d DCA Apr. 13, 2016).   In his brief, Anthony has not pointed to any other case reaching the result he now advocates.   As such, the Court finds that the Bankruptcy Judge did not err in concluding that the Note and Mortgage remain enforceable against Anthony despite the earlier attempted foreclosure and acceleration.

### IV.   Conclusion

The order of the Bankruptcy Court overruling the Objection without prejudice and denying the Motion without prejudice is **AFFIRMED**.   The Clerk is directed to close the file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on May 5, 2016.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE